UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| ROBERT BOMAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:15-cv-04153-SLD-JEH |
| ) | |
| DON KRUEGER, in his official capacity as ) | |
| a representative of Metro Link, ) | |
| ) | |
| Defendant. ) | |
| ) | |

ORDER

Robert Bomar is suing Don Krueger in his official capacity as a representative of Metro Link in Moline, Illinois—and thus, is suing Metro Link—for allegedly barring Bomar from its buses and bus stations. Compl. 6–7, ECF No. 1. Before the Court are Bomar's application to proceed in forma pauperis, ECF No. 2; his motion requesting the Court to appoint counsel, ECF No. 3; and two motions to amend the in forma pauperis application, ECF Nos. 4, 6. For the following reasons, the motion to proceed in forma pauperis is GRANTED, as are the motions to amend it, and the motion requesting appointment of counsel is DENIED, with leave to refile as explained below.

1. **Motion to Proceed In Forma Pauperis**

A person filing a lawsuit in federal court must ordinarily pay $400.[1]  28 U.S.C. § 1914. However, in order to provide indigent litigants with access, this fee may be partially or wholly waived if an indigent litigant presents an affidavit showing that she is unable to pay. 28 U.S.C. § 1915. *See Neitzke v. Williams*, 490 U.S. 319 (1989).  However, "a person need not be

---

[1] As of December 1, 2014, a non-habeas petitioner not granted in forma pauperis status must pay $350 and a $50 filing fee to bring a civil action, bringing the total cost for typical litigants to $400. 28 U.S.C. § 1914.

1

absolutely destitute in order to enjoy the benefit of [§] 1915." *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). Rather, "they are eligible to proceed in forma pauperis if payment of the filing fee will prevent them from providing for life's necessities." *Bridgewater v. U.S. Gov't*, No. 13-cv-4136, 2013 WL 3894955, at *1 (N.D. Ill. July 26, 2013) (citing *Zaun*, 628 F.2d at 992).

There is no "rubric, or litany, or catechism," *United States v. Scharf*, 354 F. Supp. 450, 451 (E.D. Pa. 1973) *aff'd*, 480 F.2d 919 (3d Cir. 1973), to a court's determination of indigency; rather, it is a fact-intensive inquiry, in which courts may take into account such information as whether an applicant owns real property, his employment status, his receipt of benefits, his number of dependents, and his current liabilities, *id* at 452. *See In re Koren*, 176 B.R. 740, 743 (Bankr. E.D. Pa. 1995) (collecting cases). Some courts refer to the poverty guidelines set forth by the United States Department of Health and Human Services ("DHHS"), but the guidelines are not dispositive. *See, e.g.*, *Tetzner v. Kootenai Cnty.*, No. CV07-35-NEJL, 2007 WL 3046457, at *4 (D. Idaho Oct. 16, 2007) *Holland v. City of Gary*, No. 2:12-cv-62-TS, 2012 WL 974882, at *1 (N.D. Ind. Mar. 21, 2012); *Novotny v. Plexus Corp.*, No. 13-cv-05881, 2015 WL 3584570, at *3 n.1 (N.D. Ill. June 7, 2015) (calling the poverty guidelines "instructive—although by no means determinative").

Bomar's completed copy of the Administrative Office's long-form in forma pauperis application, AO 239, along with his amendments thereto, clearly indicate that paying the $400 filing fee would work a substantial hardship on him. (Bomar's motions to amend his application add that he has recently moved, and that his rent is currently $565 per month. First Mot. Amend 1, Mot. Supplement 1.) Bomar's monthly income, derived entirely from food stamps and disability payments, is $999, or $11,988 a year. He has no dependents. The DHHS poverty

guidelines for a household of one in 2015 list the poverty level at $11,770 per year.  Poverty Guidelines, U.S. Department of Health and Human Services, *available at* https://aspe.hhs.gov/2015-poverty-guidelines (visited Dec. 8, 2015).  In addition to barely exceeding the poverty guideline, Bomar indicates that his basic living expenses, including food, clothing, laundry, and rent, total $754 a month, leaving him slightly more than $200 a month for any other expenses.  Mot. In Forma Pauperis 4, Mot. Amend 1.  Bomar's affidavits, submitted under penalty of perjury, amply demonstrate that paying $400 to institute the instant lawsuit would prevent him from "providing for life's necessities." *Bridgewater*, 2013 WL 3894955 at *1.

Before granting an application to proceed in forma pauperis, a court must also determine that an indigent's "action is neither frivolous nor malicious." *Smith-Bey v. Hospital Adm'r*, 841 F.2d 751, 757 (7th Cir. 1988).  "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325.  *See also Williams v. Faulkner*, 837 F.2d 304, 306 (7th Cir. 1988) *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 ("A frivolous complaint is one in which the petitioner can make no rational argument in law or facts to support his or her claim for relief.").

Bomar alleges that a police officer wrongly accused him of stealing a wallet and banned him from Metro Link property and buses. Compl. 6.  His complaint lacks neither an arguable basis in fact nor in law.  The events alleged are plausible, and Bomar could conceivably, on these facts, make out a violation of his right to procedural due process, in violation of 42 U.S.C. § 1983.  *See Smith-Bey*, 841 F.2d 758–59 (reversing the district court's dismissal for frivolousness where an inmate alleged that correctional staff at a prison had subjected him to a beating at the hands of another prisoner); *Brown v. Eppler*, 725 F.3d 1221, 1227 (10th Cir. 2013)

3

(reversing the district court's determination that plaintiff had no protected property interest in access to a common carrier, reasoning that the carrier's own rules and practices rather than Oklahoma statute had created a property interest in access). Bomar may proceed in forma pauperis.

### 2. Motion for Appointment of Counsel

A district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e). However, "parties to civil litigation have no right to counsel." *Thornhill v. Cox*, 113 F. App'x 179, 181 (7th Cir. 2004). When faced with a request to appoint counsel, the Court must determine: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)).

As to the second element, "the question is whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* at 655. Litigating a case includes "evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.* The Court will also consider "the plaintiff's literacy, communication skills, educational level, and litigation experience . . . intellectual capacity and psychological history" to determine his ability to present his case. *Id.* Lastly, the Court will consider whether the plaintiff has sufficient access to legal materials and postal services. *Brown v. Hertz*, 437 F. App'x 496, 500 (7th Cir. 2011).

Bomar has not made the required showing for appointment of counsel on either element. Despite the fact that the "Motion to Request Counsel" form he submitted states in bold print next to the relevant section, "This item must be completed, and you should attach documentation

showing that you have asked several attorneys to represent you in this case," Bomar has included no evidence of any kind suggesting that he attempted to contact any attorneys. Mot. Request Counsel 1. Furthermore, Bomar provides no explanation of why this case is too difficult for him to litigate. Since his motion fails on both counts, he is granted leave to refile in order to correct the defects noted above. If he does so, he is cautioned to provide a list of *several* attorneys he contacted in an effort to seek their representation, and to explain why this *particular* case exceeds his *particular* abilities as a litigant.

## CONCLUSION

Accordingly, Plaintiff's application to proceed in formal pauperis, ECF No. 2, is GRANTED, as are his motions to amend that motion, ECF Nos. 4 and 6. The Clerk shall mail to Defendant Form 5 (Notice of Lawsuit and Request to Waive Service of a Summons), Form 6 (Waiver of the Service of Summons), the Complaint, and this Order. If Defendant fails within 30 days to sign and return the waiver to the Clerk, the Clerk shall deliver three copies of the Complaint, Summons and USM 285 form to the United States Marshall, who is directed to serve them on Defendant in accordance with Federal Rule of Civil Procedure 4(c). Additionally, if Defendant does not waive service, he will be required to pay expenses incurred in effecting service, to the extent authorized by Federal Rule of Civil Procedure 4, unless he shows good cause for his failure to waive service.

Plaintiff's motion for the appointment of counsel, ECF No. 3, is DENIED. He is granted leave to refile the motion in conformity with this order or pay the filing fee on or before December 31, 2015.

Entered this 14th day of December, 2015.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE
