IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

ROBERT LEWIS BOMAR,
    Plaintiff,

v.

DON KRUEGER,
    Defendant.

Case No. 4:15-cv-04153-SLD-JEH

## Report and Recommendation

The Plaintiff, Robert Lewis Bomar, filed his Complaint (Doc. 1) on November 12, 2015.  On February 10, 2016, the Court entered a Text Order setting the Rule 16 Scheduling Conference in this matter for March 11, 2016.  On February 22, 2016, the February 10th Text Order that was sent to the Plaintiff was "return[ed] to sender," "not deliverable as addressed," and "unable to forward."  *See* (Doc. 14).  On March 1, 2016, the Defendant filed his Report on Rule 26(f) Scheduling Conference (Doc. 15).  In that Report, defense counsel indicated that he wrote to and attempted to call the Plaintiff.  Defense counsel explained that letters sent to three addresses for the Plaintiff were returned undeliverable and phone messages defense counsel left for the Plaintiff at the phone number listed in the Complaint were unreturned.  Defense counsel further explained that he learned the Plaintiff had recently been released from the Rock Island County Jail, but counsel was unable to locate the Plaintiff.

On March 11, 2016, the Court attempted to hold the previously scheduled Rule 16 Conference, but instead held a status conference due to the Court's unsuccessful attempts to reach the Plaintiff at the telephone numbers provided on the docket.  The Court accordingly reset the telephonic Rule 16 Scheduling

Conference for April 14, 2016. In the Minute Entry resetting the Rule 16 Conference, the Court admonished the Plaintiff that failure to provide the Court with an updated address or telephone number where he could be reached for the April 14th hearing may result in dismissal of this action for failure to prosecute. On March 23, 2016, the March 11th Minute Entry that was sent to the Plaintiff was "return[ed] to sender," "not deliverable as addressed," and "unable to forward." *See* (Doc. 16). On April 11, 2016, the Defendant filed a Report on Attempted Rule 26(f) Scheduling Conference (Doc. 17) in which defense counsel recited the relevant procedural history of this case. Defense counsel then explained that after the failed Rule 16 Scheduling Conference on March 11th, counsel attempted to send a letter to the Plaintiff to arrange a meeting for the parties' scheduling conference. Because of the previous instances of mail to the Plaintiff being returned as undeliverable, the Defendant employed an Illinois licensed private detective agency (Merchie & Associates) to hand deliver the letter to the Plaintiff at a scheduled state court appearance.

The Plaintiff did not appear for his scheduled hearing in the Rock Island Circuit Court at 8:30 a.m. on March 24, 2016, and so Merchie employee Michael DeBacker (DeBacker) was unable to deliver the letter. DeBacker then tried to deliver the letter to 824 16th Street, #5, Moline, Illinois, the Plaintiff's last known address. A resident of Unit #3 told DeBacker that the Plaintiff had stayed with his sister at Unit #5 but had moved. DeBacker was not informed of the Plaintiff's new address. Defense counsel represented that he had no further information regarding the Plaintiff's current address or telephone number.

On April 14, 2016, the Court made its second attempt to hold the Rule 16 Scheduling Conference. Once again, the Court instead held a status conference when the Plaintiff was unreachable, and a discussion was held regarding the

Plaintiff's unavailability by telephone and the mail sent to him returned as undeliverable.

Accordingly, the Court recommends that the Plaintiff's case be dismissed for failure to prosecute and for failure to comply with a Court order pursuant to Federal Rule of Civil Procedure 41(b). The Seventh Circuit Court of Appeals has emphasized that dismissal for failure to prosecute is a harsh penalty. *Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000). It has also "repeatedly emphasized the general rule that explicit warning must be given to a [plaintiff] prior to dismissal." *Fed. Election Comm'n v. Al Salvi for Senate Comm.*, 205 F.3d 1015, 1018-19 (7th Cir. 2000). Here, the Plaintiff was repeatedly unavailable to the Court and opposing counsel from very early on in this case. The Plaintiff was also expressly admonished via the March 11, 2016 Minute Entry that his failure to do as the Court directed may result in the dismissal of this action for failure to prosecute. Therefore, the Court further recommends that the Plaintiff's case be dismissed *with prejudice*.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk within fourteen (14) days after service of this Report and Recommendation. FED. R. CIV. P. 72(b)(2); 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

*It is so recommended*.

Entered on April 15, 2016.

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE